# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIAM E. POWELL, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | Civil Action No. 18-2675 (JEB) |

## MEMORANDUM OPINION

Over the years, *pro se* Plaintiff William E. Powell has employed a variety of means to require Defendant Internal Revenue Service to turn over tax records related to his grandfather, his father, himself, and his family's printing business. His lack of success in the latest chapter of this venture spurred this lawsuit in October 2018. Now, in his Motion to Supplement his Amended Complaint, Powell requests leave of the Court to add new claims arising out of three Freedom of Information Act requests he lodged in January 2019 and one Privacy Act request from June 2019. At this stage, Powell's proposed supplemental claims do not unduly prejudice Defendant; as a result, the Court will largely grant his Motion, except as to certain record requests that have been previously adjudicated.

**I.    Background**

Powell initially filed this action on October 29, 2018, see ECF No. 1 (Complaint), and followed up with an Amended Complaint on February 6, 2019. See ECF No. 9. The latter pleading encompasses four record requests Powell submitted to the IRS dated August 9, 2018, August 31, 2018, September 27, 2018, and November 25, 2018. Id. at 2–3. These sought tax

1

forms concerning his family and his family's business – the Powell Printing Company. Id. at 2–4. The requests were filed under FOIA and the Privacy Act via the IRS's Return and Income Verification System (RAIVS), id., and Plaintiff alleged that Defendant unlawfully withheld records. Id. at 2–4. This is not Powell's first foray into the realm of FOIA and Privacy Act litigation. Indeed, he has filed a number of lawsuits in this Court and the Eastern District of Michigan seeking to unearth records relating to his family members and himself. See, e.g., Powell v. IRS, 255 F. Supp. 3d 33, 37 (D.D.C. 2017).

Turning now to the current suit, the Court notes that on February 27, 2019, it stayed the proceedings to give the parties an opportunity to attempt to resolve their dispute outside the courtroom. See Minute Order of Feb. 27, 2019. No progress resulted, and the Court thus lifted the stay on May 2, 2019. See Minute Order of May 2, 2019. Powell promptly filed a Motion for Leave to File a Supplemental Complaint on May 7. See ECF No. 17. The Motion proposed new FOIA and Privacy Act claims regarding additional RAIVS requests dated January 9, 2019, and January 27, 2019 — seeking tax forms for his father and grandfather. Id. at 2–3. The Court, however, denied this Motion on that same day because it did not comply with Local Civil Rules 7(m) and 15.1. See Minute Order of May 7, 2019.

The IRS then answered the Amended Complaint on July 17, 2019. See ECF No. 20. The parties were thereafter ordered to submit a joint briefing schedule by August 1, 2019. See Minute Order of July 18, 2019. Without submitting the schedule, Powell filed a second Motion for Leave to File a Supplemental Complaint on August 1, 2019. See ECF No. 21. This Motion reasserted his January 9 and January 27 RAIVS requests and added a Privacy Act request dated June 3, 2019, which demanded his own tax forms. Id. at 3. This Motion, which Defendant opposes, is the one currently before the Court.

## II. Legal Standard

Federal Rule of Civil Procedure 15(d) allows the Court, "[o]n motion and reasonable notice . . . [and] on just terms" to permit a party to serve a supplemental pleading setting forth events that have happened since the filing of its complaint. "Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed." United States v. Hicks, 283 F.3d 380, 386 (D.C. Cir. 2002). "The addition of [a] new FOIA request is plainly a supplemental pleading as defined by Federal Rule of Civil Procedure 15(d), as it 'sets forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.'" Hall v. CIA, 437 F.3d 94, 100 (D.C. Cir. 2006) (quoting Fed. R. Civ. P. 15(d)).

Rule 15(d)'s intent is "to make pleadings a means to achieve an orderly and fair administration of justice." Gomez v. Wilson, 477 F.2d 411, 417 n.34 (D.C. Cir. 1973) (quoting Griffin v. County School Bd., 377 U.S. 218, 227 (1964)). The Rule "promote[s] as complete an adjudication of the dispute between the parties as is possible." Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed. 2017). It seeks "to avoid 'needlessly remitt[ing] [plaintiffs] to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.'" Scahill v. District of Columbia, 909 F.3d 1177, 1183 (D.C. Cir. 2018) (quoting Fed. R. Civ. P. 15(d), advisory committee notes to the 1963 amendment). "It follows that supplementation of pleadings is encouraged 'when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the

other parties to the action.'" U.S. ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 4 (1st Cir. 2015) (quoting Wright & Miller, *supra*).

Courts typically resolve motions to supplement under Rule 15(d) and motions to amend under Rule 15(a) via the same standard. See, e.g., Banner Health v. Burwell, 55 F. Supp. 3d 1, 8 n.9 (D.D.C. 2014); Wildearth Guardians v. Kempthorne, 592 F. Supp. 2d 18, 23 (D.D.C. 2008). The key difference between the two Rules is that <u>amendments</u> "relate to matters that occurred <u>prior</u> to the filing" of the pleading to be amended, whereas <u>supplements</u> "set[] forth transactions or occurrences or events which have happened <u>since</u>" that pleading. Hall, 437 F.3d at 100 (emphasis added) (quoting Hicks, 283 F.3d at 385; then quoting Wright & Miller, *supra*). Further, "[s]upplements under Rule 15(d) always require leave of the court, and the court has broad discretion in determining whether to allow supplemental pleadings in the interests of judicial economy and convenience." The Fund For Animals v. Hall, 246 F.R.D. 53, 54 (D.D.C. 2007).

Typically, Courts grant leave to amend or supplement "unless there is a good reason, such as futility, to the contrary." Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that reasons not to permit Rule 15(a) amendment may include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party"). In other words, if the new causes of action would be deficient as stated in the proposed supplement, courts need not grant leave. See In re Interbank Funding Corp. Secs. Lit., 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.") (citing Foman, 371 U.S. at 182, for proposition that "'futility of amendment' is permissible justification

4

for denying Rule 15(a) motion"); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

### III.     Analysis

In opposing Plaintiff's proposed supplement, the IRS contends that the counts relating to the newly alleged requests are either infirm, untimely, or both. The Court will first consider the January RAIVS requests and then the June Privacy Act request.

#### A.  January RAIVS Requests

The Service argues that Powell cannot supplement his Amended Complaint with his January RAIVS requests — seeking tax forms for his father and grandfather — because 1) he unduly delayed in adding these requests, and 2) he did not exhaust his administrative remedies. See ECF No. 24 (Defendant Opposition to Motion to Supplement) at 3–4. The Court is not persuaded.

##### 1. *Undue Delay*

Undue delay "is a valid reason to reject a party's attempt to add a new theory of liability to a complaint." Elkins v. District of Columbia, 690 F.3d 554, 565 (D.C. Cir. 2012). Because "[c]onsideration of whether delay is undue . . . should generally take into account the actions of other parties and the possibility of any resulting prejudice," Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996), the significance of a delay depends on the prejudice it causes. While Plaintiff's justification for his tardiness may be a bit flimsy here, the slow progress of this litigation negates any potential prejudice to the IRS.

Defendant believes Powell did "not act[] in good faith" by waiting until August 1, 2019, to file his Motion to Supplement. See Def. Opp. at 3–4. The IRS aptly notes that Powell could

have brought his January requests to this Court as early as six months before his August 1 Motion. Id. at 3–4. Yet, following the filing of Plaintiff's Amended Complaint on February 6, 2019, this Court issued a stay giving the parties time to resolve their dispute before continuing litigation. See Minute Order of Feb. 27, 2019. After lifting the stay on May 2, 2019, see Minute Order, Plaintiff promptly filed a motion to supplement the Amended Complaint with factual allegations dating back to January 2019. See First Mot. Suppl. Compl. While the Court denied this motion for procedural defects, his second bite at the apple cured those infirmities on August 1. Although the second Motion admittedly lagged three months behind the first — but followed only four weeks after Plaintiff's June 3 request arguably became actionable — that delay does not demonstrate prejudice or a lack of good faith. Indeed, the IRS has not yet filed its forthcoming motion for summary judgment on the Amended Complaint claims, so the supplemental material will not derail the litigation. Cf. Thorp v. District of Columbia, 325 F.R.D. 510, 514 (D.D.C. 2018) (denying leave to supplement complaint in part because parties' motions for summary judgment were already ripe).

2. *Futility*

The IRS next asserts that Powell's proposed claims are futile because he failed to exhaust his administrative remedies. See Def. Opp. at 4–5. Plaintiff retorts that FOIA's administrative remedies do not apply to RAIVS requests. See Pl. Reply at 3–5. While both parties have misconstrued the law, the chips ultimately fall for Plaintiff.

Courts often talk about the need to abide by agency procedures as the "exhaustion" requirement. Such "[e]xhaustion of administrative remedies is generally required before filing suit in federal court." Oglesby v. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990). A plaintiff's "failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust"

6

and generally subjects the case to dismissal. West v. Jackson, 448 F. Supp. 2d 207, 211 (D.D.C. 2006); see Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (affirming Rule 12(b)(6) dismissal for failure to exhaust). To "maintain a civil action," a litigant must thus first "properly initiate[]" FOIA's administrative process by following each agency's "published rules" on request procedures. Brown v. FBI, 675 F. Supp. 2d 122, 126 (D.D.C. 2009).

In this case, Defendant claims that "upon receiving the unsatisfactory response from RAIVS" after his January requests, Plaintiff failed to "proceed[] to the FOIA Disclosure Office . . . as he has been instructed to do." Def. Opp. at 5. Plaintiff, however, was not so required. Defendant neglected the obligation of agencies to reply to every record request and — if that request is denied — to give the requester an explanation for its decision. See 5 U.S.C. § 552(a)(6)(A)(i)–(ii); 26 C.F.R. § 601.702(c)(9)(i); 31 C.F.R. § 1.26(g)(1). If an agency does not notify the requester of its decision in the statutorily mandated timeframe, the requester has fulfilled the exhaustion requirement and has the right to file suit in federal court. See 5 U.S.C. § 552a(g)(1)(D) (providing right of action under Privacy Act when agency does not respond in thirty days); 5 U.S.C. § 552(a)(6)(C)(i) (establishing that FOIA requester exhausts administrative remedies when agency fails to "immediately notify" requester of decision after twenty days); 26 C.F.R. § 601.702(c)(9)(ii) (ordering agency to answer RAIVS requests after twenty days).

Plaintiff asserts that Defendant never responded to any of his three RAIVS requests or his single Privacy Act request. See Second Mot. Suppl. Compl. at 3. He points out that the Service merely "refunded [his RAIVS] request fees" from January 2019 — without further explanation — and did not respond to his June 3 Privacy Act request at all. Id. Given that the IRS did not satisfy its requirements under FOIA, RAIVS, and the Privacy Act, no further

7

exhaustion was required. Powell, accordingly, may supplement his Amended Complaint with counts relating to these three requests.

B. June Privacy Act Request

Defendant finds more success — though not complete victory — in opposing Plaintiff's June 3 Privacy Act request. The IRS submits that the doctrine of issue preclusion bars Powell from litigating portions of this request. See Def. Opp. at 6. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980). In other words, "an issue of fact or law that was actually litigated and necessarily decided is conclusive in a subsequent action between the same parties or their privies." Johnson v. Duncan, 746 F. Supp. 2d 163, 168 (D.D.C. 2010). "If a new legal theory or factual assertion put forward in the second action is related to the subject-matter and relevant to the issues that were litigated and adjudicated previously, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged." Yamaha Corp. of Am. v. United States, 961 F.2d 245, 257–58 (D.C. Cir. 1992) (quoting James Wm. Moore et al., 1B Moore's Federal Practice ¶ 0.443(2) at 760–61 (1988)).

Issue preclusion requires three elements: (1) "the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case"; (2) "the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case"; and (3) "preclusion in the second case must not work a basic unfairness to the party bound by the first determination." Martin v. Dep't of Justice, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting Yamaha Corp., 961 F.2d at 254).

Powell's June 3 request sought his individual Master File (MF) transcripts — both "Specific and Complete" — and his automated Non-Master File (NMF) transcripts "of any records contained therein pertaining to me." See Second Mot. Suppl. Compl., Exh. C (June 3 Request). He requested transcripts from 1987 to 2019. Id.

Litigating FOIA and Privacy Act requests is well-trodden ground for Powell, and this Court has adjudicated many of his claims. In order to assess the IRS's defense here, the Court must set out the relevant requests Powell has previously litigated for his personal tax forms. These include:

| Request Date | Transcript |
| --- | --- |
| July 19, 2016 | MF-Complete (1988–1992) |
|  | MF-Specific for Form 1040 (1988–1992) |
|  | NMF (years unspecified) |
| June 19, 2017 | All NMF (1987–2017) |
| March 5, 2018 | MF-Specific for Form 1040 (1987–2017) |

While knee deep in Powell's other lawsuits, this Court came to three relevant conclusions regarding his past requests for personal tax forms. These conclusions are at the core of Defendant's futility argument.

First, Powell's MF-Complete requests were rendered moot once the IRS "turn[ed] these records over to [Powell]" on May 15, 2017. See Powell, 255 F. Supp. 3d at 46. In the FOIA context, where the Government has released certain requested documents, the case is moot as to those requests. Williams & Connolly v. SEC, 662 F.3d 1240, 1244 (D.C. Cir. 2011); cf. Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."). "By definition, . . . [the MF-]complete transcript contains data from any past years relevant to that taxpayer." Powell, 255 F. Supp. 3d

at 36 (emphasis added). The MF-Complete transcript handed over in 2017 would, therefore, include relevant transcripts from all prior years. To the extent his June 3 request sought the same information, that request is moot. Powell's requests for his 2018 and 2019 MF-Complete transcripts, however, have not yet been addressed.

Second, Powell's past requests for MF-Specific transcripts have been focused on certain Form 1040 transcripts. See Powell v. IRS, 280 F. Supp. 3d 155, 159 (D.D.C. 2017); Powell, 255 F. Supp. 3d at 47–48; Powell v. IRS, No. 18-453, 2019 WL 1980973, at *4–5 (D.D.C. May 3, 2019). This Court previously found these requests moot because the IRS had turned over Form 1040 transcripts from 1989 to 1992, see Powell, 280 F. Supp. 3d at 159, and it had "adequate[ly] search[ed]" for the 1987 to 2017 forms. See Powell, 2019 WL 1980973, at *4–5; see also Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) ("An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)). While Powell's earlier MF-Specific requests were under FOIA, the same search would have satisfied the Privacy Act. See Thompson v. Dep't of Justice, 146 F. Supp. 3d 72, 82 (D.D.C. 2015) (adequacy of search for FOIA and Privacy Act analyzed under same standard when searches would be coextensive). Although Powell's June 3 request does not identify the specific transcript sought, the Court has no way of knowing what (if anything) he seeks beyond the Form 1040 transcripts. If he wishes to acquire some other form, he will have to make that clear in a subsequent suit. As he defined it here, however, this claim is also moot except for MF-Specific requests from 2018 and 2019.

Finally, this Court previously rejected Powell's suit over his requests for all automated NMF transcripts between 1987 and 2017 because IRS's "NMF search was adequate." Powell v.

IRS, 317 F. Supp. 3d 266, 279 (D.D.C. 2018). In the same vein as his other requests, Powell's request for 2018 and 2019 NMF transcripts, however, is a new issue before this Court.

For these reasons, the doctrine of collateral estoppel precludes Powell from relitigating requests for the following personal tax forms: MF-Complete transcripts between 1988 and 2017, MF-Specific transcripts for Form 1040 between 1987 and 2017, and automated NMF transcripts between 1987 and 2017. Only the requests for 2018 and 2019 in each category may proceed.

C. Bad Faith

Finally, the IRS flags Powell's demonstrated proclivity for filing multiple related lawsuits. Its Opposition laments his multi-suit quest to discover myriad forms of records, claiming that Plaintiff "now appears more interested in harassing the agency than he does in acquiring records." Def. Opp. at 6. Such frustration is not entirely unfounded. Powell himself has indicated that he would file "another lawsuit" based on his proposed supplemental claims. See Second Mot. Suppl. Compl. at 4.

While the IRS points to cases where courts have grappled with the harassing nature of seemingly duplicative litigation, those cases do not require the Court to expand its undue-prejudice inquiry outside the realm of this specific lawsuit, nor do they support Defendant's argument for denying the Rule 15(d) motion here. See In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988) (denying injunction against plaintiff filing multiple FOIA suits because "the district court should be careful not to conclude that . . . FOIA actions[] in and of themselves warrant a finding of harassment").

Even if Powell's litigiousness weighed heavily on the Rule 15(d) analysis, Defendant's grievances would still be misplaced. Here, the IRS has the opportunity to avoid piecemeal litigation, but it would seem to prefer it over supplementation. Especially given that no

11

summary-judgment motion has yet been filed, the Court believes that the better way to proceed is all in one suit.

## IV. Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Plaintiff's Second Motion to Supplement the Amended Complaint. A Minute Order so stating will issue this day.

<pre>
                                        /s/ James E. Boasberg
                                        JAMES E. BOASBERG
                                        United States District Judge
Date: September 30, 2019
</pre>