UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM E. POWELL,

    Plaintiff,

       v.                                    Civil Action No. 18-2675 (JEB)

INTERNAL REVENUE SERVICE,

    Defendant.

## MEMORANDUM OPINION

*Pro se* Plaintiff William E. Powell moves once again to supplement his Amended Complaint, which seeks records from the Internal Revenue Service concerning his family's printing business. He desires to add claims: (1) challenging the IRS's failure to respond to two specific requests for documents, and (2) characterizing the Service's behavior as amounting to an unlawful pattern or practice of withholding information under the Freedom of Information Act. Because such proposed counts would be futile, the Court will deny the Motion.

**I.    Background**

The present Motion to Supplement Plaintiff's already-supplemented, thrice-amended Complaint represents merely the most recent chapter in Powell's years-long quest to obtain tax records relating to him and his family's printing business. See ECF No. 62 (Mot. to Suppl.). The Court's most recent Opinion on the matter sketches the history of this journey. See Powell v. IRS, No. 18-2675, 2020 WL 3605774, at *1–2 (D.D.C. July 2, 2020).

Powell now seeks to supplement his Complaint to challenge the IRS's failure to provide him with two specific — and familiar — records. The first is the Powell Printing Company's 1989 corporate tax return. See Mot. to Suppl. at 2. The second is Powell's specific master file transcript using MFT code 30 for the years 1989 to 1992. Id. A master file is "the official repository of all taxpayer data extracted from magnetic tape records, paper and electronic tax returns, payments, and related documents," I.R.S. IRM 21.2.1.2(1), Master File (Oct. 1, 2011), and MFT code 30 narrows the request to Form 1040 information. Powell, 2020 WL 3605774, at *5; see also I.R.S. IRM 21.2.4.2.1.1(1), AMRH Transcripts (May 12, 2015) ("A specific module transcript generates for all [individual master file] categories with the numeric indicator for the . . . category met."). Plaintiff seems to assert causes of action to access these records under 26 U.S.C. § 6103, id. at 1–2, 4–5, as well as FOIA. Id. at 5; but see ECF No. 70 (Pl. Reply) at 5–7 (suggesting that Plaintiff seeks to add claim solely under 26 U.S.C. § 6103). Finally, Powell wishes to include an allegation that the IRS is engaging in an unlawful pattern or practice of not responding to his document requests. See Mot. to Suppl. at 1–2, 5; Pl. Reply at 6–8.

**II.     Legal Standard**

Federal Rule of Civil Procedure 15(d) allows the Court, "[o]n motion and reasonable notice . . . [and] on just terms," to permit a party to serve a supplemental pleading setting forth events that have happened since the filing of its complaint. "Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed." United States v. Hicks, 283 F.3d 380, 386 (D.C. Cir. 2002) (citing Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (2d ed. 1990)).

Rule 15(d)'s intent is "to make pleadings a means to achieve an orderly and fair administration of justice." Gomez v. Wilson, 477 F.2d 411, 417 n.34 (D.C. Cir. 1973) (quoting Griffin v. County School Bd., 377 U.S. 218, 227 (1964)).  The Rule "promote[s] as complete an adjudication of the dispute between the parties as is possible." Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed. 2020).  It seeks "to avoid 'needlessly remitt[ing] [plaintiffs] to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.'" Scahill v. District of Columbia, 909 F.3d 1177, 1183 (D.C. Cir. 2018) (quoting Fed. R. Civ. P. 15(d), advisory committee notes to 1963 amendment).  "It follows that supplementation of pleadings is encouraged 'when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" U.S. ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 4 (1st Cir. 2015) (quoting Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed. 2010)).

Courts typically resolve motions to supplement under the same standard as motions to amend under Rule 15(a).  See, e.g., Banner Health v. Burwell, 55 F. Supp. 3d 1, 8 n.9 (D.D.C. 2014); Wildearth Guardians v. Kempthorne, 592 F. Supp. 2d 18, 23 (D.D.C. 2008).  The key difference between the two Rules is that amendments "relate to matters that occurred prior to the filing" of the pleading to be amended, whereas supplements "set[] forth transactions or occurrences or events which have happened since" that pleading. Hall v. CIA, 437 F.3d 94, 100 (D.C. Cir. 2006) (emphases added) (quoting Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed. 1990), then quoting Hicks, 283 F.3d at 385).  Further, "[s]upplements under Rule 15(d) always require leave of the court, and the court has broad discretion in determining

whether to allow supplemental pleadings in the interests of judicial economy and convenience." The Fund For Animals v. Hall, 246 F.R.D. 53, 54 (D.D.C. 2007).

Typically, Courts grant leave to amend or supplement "unless there is a good reason, such as futility, to the contrary." Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that reasons not to permit Rule 15(a) amendment may include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party"). In other words, if the new causes of action would be deficient as stated in the proposed supplement, courts need not grant leave. See In re Interbank Funding Corp. Secs. Lit., 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.") (citing Foman, 371 U.S. at 182, for proposition that "'futility of amendment' is permissible justification for denying Rule 15(a) motion"); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.").

**III.   Analysis**

As Powell offers two new proposed causes of action, the Court will consider each separately.

    A.    <u>Failure to Provide Records</u>

Plaintiff seeks to add a count relating to two types of records — the 1989 corporate return and the 1989–92 master file transcripts — under both FOIA and 26 U.S.C. § 6103. See Mot. to Suppl. at 5. The Government responds that claim preclusion bars any FOIA count, and that § 6103 provides no independent cause of action. It is correct.

"A subsequent lawsuit is barred by claim preclusion 'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" NRDC v. EPA, 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir 2006)).  Because Powell has previously brought (1) claims under FOIA to access these very records, (2) against the IRS, (3) which were denied, (4) in federal courts with jurisdiction to decide them, each of these elements is easily met.

This very Court held last year that Powell's request for the Powell Printing Company's 1989 corporate tax return under the Privacy Act was barred by claim preclusion, given that the same request, brought under FOIA, had been previously adjudicated on the merits in the Eastern District of Michigan.  See Powell v. IRS, No. 17-278, 2019 WL 4247246, at *2 (D.D.C. Sept. 6, 2019); see also Powell v. IRS, No. 14-12626, 2015 WL 5271943, at *2 (E.D. Mich. 2015).  A third effort for the same document meets the same fate.

Similarly, the request for Powell's specific master file transcript for the years 1989 to 1992 using MFT code 30 has also already been litigated and denied.  When he last tried to supplement his Complaint here, the Court held that "the doctrine of collateral estoppel precludes Powell from relitigating requests for . . . MF-Specific transcripts for Form 1040 between 1987 and 2017."  Powell v. IRS, No. 18-2675, 2019 WL 4750317, at *5–6 (D.D.C. Sept. 30, 2019) (reasoning that "this Court previously found these requests moot because the IRS had turned over Form 1040 transcripts from 1989 to 1992, . . . and it had adequately searched for the 1987 to 2017 forms") (cleaned up); see also Powell, 2020 WL 3605774, at *5 (explaining that MFT codes simply indicate the type of form requested, and MFT code 30 is used to request a Form 1040).  Not only does the Court's application of the collateral-estoppel doctrine still hold true,

but given that ruling, claim preclusion now also prohibits Plaintiff from supplementing his Complaint with such a count.

Powell seems to realize the weakness of his position under FOIA, arguing that, although "[c]ollateral [e]stoppel would be applied if [he were] trying to litigate the same issue under the same statute . . . as [was] litigated in Plaintiff's prior cases," he now seeks to bring his claim under 26 U.S.C. § 6103 instead, which delineates the IRS's responsibilities to disclose tax-return information. See Pl. Reply at 5. This Court explained in its most recent Opinion, however, that section 6103 does not "provide an independent basis for subject matter jurisdiction" over claims seeking the disclosure of return information. See Powell, 2020 WL 3605774, at *5 (quoting Maxwell v. O'Neill, No. 00-1953, 2002 WL 31367754, at *4 (D.D.C. Sept. 12, 2002), aff'd, Maxwell v. Snow, 409 F.3d 354, 357–58 (D.C. Cir. 2005)). Instead, section 6103 "operates as part of the larger FOIA framework," id. (quoting Maxwell, 2002 WL 31367754, at *3), and requests for tax-return information thus must comply with the procedures set forth under FOIA. Id. (citing Maxwell, 2002 WL 31367754, at *4); see also Powell v. IRS, No. 16-1682, 2017 WL 2799934, at *1 (D.D.C. Jan. 24, 2017) (collecting cases). In other words, FOIA provides the sole avenue through which Powell could conceivably add the claims he seeks, but, as just explained, that route is closed.

In sum, because supplementing the Complaint with counts concerning the records at issue would be futile under either FOIA or section 6103, the Court will deny the Motion in this regard.

B.    Policy-or-Practice Claim

Powell also moves to add an allegation that the IRS "is engaging in a pattern or practice of withholding" tax-return information and "not responding or providing any . . . status correspondences" to him. See Mot. to Suppl. at 2; see also Pl. Reply at 6–8. He alleges that he

6

not only received no response from the IRS regarding his requests for the two documents at issue in this case, but that he also "has submitted multiple Form 4506 (non-FOIA) Requests for the Federal Estate Tax Return (706s)" for many of his family members without response. See Pl. Reply at 6–7.

These allegations are plainly insufficient to withstand a motion to dismiss. "To state a policy-or-practice claim, a plaintiff must plausibly allege 'that the agency has adopted, endorsed, or implemented some policy or practice that constitutes an ongoing failure to abide by the terms of the FOIA.'" Am. Ctr. for Law & Justice v. U.S. Dep't of State, 249 F. Supp. 3d 275, 281 (D.D.C. 2017) (quoting Muttitt v. Dep't of State, 926 F. Supp. 2d 284, 293 (D.D.C. 2013) (internal quotation omitted)). "Claims targeting agencies' internal FOIA workings usually . . . involve instances where conduct is 'sufficiently outrageous.'" Id. (quoting Payne Enters., Inc. v. United States, 837 F.2d 486, 494 (D.C. Cir. 1988)). In contrast, there is little meat on the bones of Powell's claim here; in any event, the agency has already largely provided him with the documents he seeks. See Powell, 2019 WL 4750317, at *6. As Plaintiff has not pled sufficient facts on which a policy-or-practice claim could proceed, the Court will deny as futile the Motion to Supplement with regard to this claim.

**IV.  Conclusion**

For the foregoing reasons, the Court will deny Plaintiff's Motion to Supplement the Amended Complaint. An Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: November 30, 2020