UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM E. POWELL,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | Civil Action No. 18-2675 (JEB) |

## MEMORANDUM OPINION

In one of its latest Opinions in this long-running Freedom of Information Act suit, the Court granted summary judgment to Defendant Internal Revenue Service as to almost all of Plaintiff William E. Powell's claims, but required the Service to conduct a further search for one last IRS form. Having now done so and come up empty, Defendant seeks final judgment here. Powell not only resists, but asks to once again supplement his Complaint. As the time has now come to put this case to bed, the Court will grant Defendant's Motion and deny Plaintiff's.

**I.    Background**

In the last few years, this Court has issued numerous Opinions detailing Powell's disputes with the IRS and other federal agencies over multiple tax records. See, e.g., Powell v. Social Sec. Admin., No. 18-847, 2018 WL 4840356, at *1–2 (D.D.C. Oct. 4, 2018); Powell v. IRS, 317 F. Supp. 3d 266, 270–72 (D.D.C. 2018); Powell v. U.S. Dep't of Treasury Office of Foreign Assets Control, 317 F. Supp. 3d 551, 553 (D.D.C. 2018); Powell v. IRS, 280 F. Supp. 3d 155, 157–59 (D.D.C. 2017). No recitation of that history is necessary here, as the Court focuses solely on the little that remains of the current action.

1

In its July 2, 2020, Memorandum Opinion and separate Order, the Court granted summary judgment to the IRS as to all of Powell's FOIA requests save one. That was his request for "Form 5147 for the Powell Printing Company[, which was to be found] under Document Locator Number 17953-494-00101-1." Powell v. IRS, 2020 WL 3605774, at *12 (D.D.C. July 2, 2020). The Court believed that a further search was necessary because "the analyst who searched for the Form 5147 . . . [did not] tell the Court why he did not use the DLN that Powell provided him to make a request from the [Federal Records Center.]" Id. For the uninitiated, "Form 5147 is, in essence, a paper record of changes made to tax documents over a given time period." Id. at *4.

As ordered by the Court, the IRS conducted a further search and filed a Status Report informing the Court that it had not located any documents. See ECF No. 72. Powell, not surprisingly, was not satisfied by this explanation, and the Court thus ordered summary-judgment briefing on the adequacy of this search. See Minute Order of Oct. 30, 2020. During the briefing, Powell again moved to supplement his Complaint to add claims regarding other subsequent FOIA requests. See ECF No. 76 (Mot. to Supp.).

**II.    Legal Standard**

   A.  Summary Judgment

Summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact is one that would change the outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). In the event of conflicting evidence on a material issue, the court

is to construe the conflicting evidence in the light most favorable to the non-moving party. See Sample v. Bureau of Prisons, 466 F.3d 1086, 1087 (D.C. Cir. 2006).  Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary.  Neal v. Kelly, 963 F.2d 453, 456–57 (D.C. Cir. 1992).

"FOIA cases typically and appropriately are decided on motions for summary judgment." Defs. of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. U.S. Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007).  In FOIA cases, the agency bears the ultimate burden of proof to demonstrate the adequacy of its search and that it properly withheld any documents.  See Defs. of Wildlife, 623 F. Supp. 2d at 91.  The Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  Such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)).

B.  Motions to Supplement

Federal Rule of Civil Procedure 15(d) allows the Court, "[o]n motion and reasonable notice . . . [and] on just terms," to permit a party to serve a supplemental pleading setting forth events that have happened since the filing of its complaint.  "Rule 15(d) is used to set forth new

facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed." United States v. Hicks, 283 F.3d 380, 386 (D.C. Cir. 2002) (citing Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (2d ed. 1990)).

Rule 15(d)'s intent is "to make pleadings a means to achieve an orderly and fair administration of justice." Gomez v. Wilson, 477 F.2d 411, 417 n.34 (D.C. Cir. 1973) (quoting Griffin v. County School Bd., 377 U.S. 218, 227 (1964)). The Rule "promote[s] as complete an adjudication of the dispute between the parties as is possible." Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed. 2020). It seeks "to avoid 'needlessly remitt[ing] [plaintiffs] to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.'" Scahill v. District of Columbia, 909 F.3d 1177, 1183 (D.C. Cir. 2018) (quoting Fed. R. Civ. P. 15(d), advisory committee notes to 1963 amendment). "It follows that supplementation of pleadings is encouraged 'when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" U.S. ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 4 (1st Cir. 2015) (quoting Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1504 (3d ed. 2010)).

**III.   Analysis**

The Court separately considers the IRS's Motion for Summary Judgment and Powell's Motion to Supplement Complaint.

    A.   Motion for Summary Judgment

In asking for summary judgment here, the Government seeks to hold the Court to its word. Having accomplished all it was required to do by the Court's last Order, the Service

believes its job is done. Tasked with searching for Form 5147 under the particular DLN, Delphine Thomas, an IRS Senior Disclosure Specialist, commenced a complicated process to find the document. See ECF No. 75-3 (Declaration of Delphine Thomas), ¶¶ 7-10. It turns out that Powell's requested DLN was in error, and no 5147 existed for that DLN. Id., ¶¶ 10-11. Generously believing that his request contained a typo in one digit, Thomas also sought the 5147 for the corrected DLN, which was 17953-494-00101-0, not 17953-494-00101-1. Id., ¶ 12. That did return a document, which the Service had previously released to Plaintiff, id., ¶ 13, but which it nonetheless disclosed again. See ECF No. 75 (Def. MSJ) at 5 n.1.

Powell's rejoinder is difficult to follow, although he does concede that his request contained the typo that Thomas identified. See ECF No. 82 (Pl. Opp. to MSJ) at 2. Much of his Opposition concerns Forms 2553, id. at 2-10, which, while associated with Forms 5147, were not part of what the Court ordered in its July 2, 2020, Opinion. If there are particular Forms 2553 that he still seeks, Powell will have to make a further FOIA request for them.

B.  Motion to Supplement

Although the legal standard cited above is rather liberal in permitting a plaintiff to supplement his complaint, procedural context matters. Powell initially filed this suit, one of at least seven FOIA actions he has brought, in October 2018. See ECF No. 1. He then amended his Complaint in February 2019. See ECF No. 9. On September 30, 2019, the Court permitted supplementation of the Amended Complaint with requests not previously adjudicated. See ECF No. 28. The next month, Plaintiff sought to again amend his Complaint, see ECF No. 32, which the Court permitted once more. See Minute Order of Nov. 12, 2019. On July 10, 2020, he moved to supplement yet another time, see ECF No. 62, which the Court denied as futile. See ECF No. 80.

His latest attempt to supplement seeks to add two counts: one for violation of confidentiality under 26 U.S.C. § 6103 and one for withholding additional records in violation of FOIA. See Mot. to Supp. at 5. The Court has explained multiple times that § 6103 does not provide an independent cause of action, including in its last Opinion denying Plaintiff leave to supplement. See ECF No. 81 at 6. Even if he had a viable FOIA claim on the second count, on which point the Court offers no guidance, he cannot be permitted to drag this litigation on interminably. At some point, the door has to close. As the Court pointed out in another case involving Plaintiff, "Were Powell permitted to continue supplementing in this vein, this case could never be resolved." Powell v. IRS, No. 17-278, ECF No. 41 (Order) at 2. There is no real prejudice in denying his Motion to Supplement, furthermore, because Powell is free to file yet another suit if he so chooses.

**IV.   Conclusion**

The Court, accordingly, will grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion to Supplement. A separate Order so stating will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: March 18, 2021